**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERATED NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DON A. HARDING, *et al.*,<br><br>　　　　　Defendants.<br>_____/ | No. C-11-1444 EMC<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR REMAND**<br><br>**(Docket No. 4)** |

　　　　Plaintiff Federated National Mortgage Association ("FNMA") initiated this unlawful detainer action in state court. Defendants, proceeding pro se, removed the lawsuit to this Court on March 25, 2011. Currently pending before the Court is FNMA's ex parte motion to remand. The Court gave Defendants an opportunity to file a response to FNMA's motion. No response was filed. Having considered the papers that have been filed, as well as all other evidence of record, the Court hereby **GRANTS** FNMA's motion.

　　　　First, remand is appropriate because Defendants' removal was not timely. Under 28 U.S.C. § 1446(b), a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). In the instant case, Defendants were served with the summons and complaint on November 7, 2010. *See* Not. of Removal ¶ 2 (stating such). However, they did not remove the case until March 25, 2011 – *i.e.*, almost five months later – well beyond the thirty-day window provided for by § 1446(b).

Second, remand is proper because this Court lacks subject matter jurisdiction. In their notice of removal, Defendants assert that there is federal question jurisdiction because FNMA has violated their right to due process. However, federal question jurisdiction depends on the contents of the plaintiff's well-pleaded complaint; a case may not be removed to federal court based on a federal defense, *see ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality of St. of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000), or a federal counterclaim. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002).

Accordingly, FNMA's motion to remand the case back to the state court from which it was removed is granted. The Clerk of the Court is instructed to enter judgment in accordance with this opinion and close the file in the case.

This order disposes of Docket No. 4.

IT IS SO ORDERED.

Dated: June 14, 2011

_____
EDWARD M. CHEN
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERATED NATIONAL MORTGAGE ASSOCIATION,

    Plaintiff,

    v.

DON A. HARDING, *et al.*,

    Defendants.

_____/

No. C-11-1444 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

DON A. HARDING
104 Spears Circle
Richmond, CA 94801
(510) 472-3881

BRYAN R. BARNES
104 Spears Circle
Richmond, CA 94801
(510) 472-3881

CYNTHIA HARDING
104 Spears Circle
Richmond, CA 94801
(510) 472-3881

Dated: June 14, 2011    RICHARD W. WIEKING, CLERK

By:    /s/ Leni Doyle
      Leni Doyle
      Deputy Clerk